E. JOSEPH CONNAUGHTON (SBN 166765)
jconnaughton@paulplevin.com
NICHOLAS P. BANEGAS (SBN 303581)
nbanegas@paulplevin.com
**PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP**
101 West Broadway, Ninth Floor
San Diego, California 92101-8285
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for Defendants REGUS MANAGEMENT GROUP, LLC and ERIKA DERAS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VIVIRIANA GUATEMALA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>REGUS MANAGEMENT GROUP, LLC; ERIKA DERIAS; an individual; and DOES 1 through 100, inclusive,<br><br>　　　　Defendants. | Case No. 2:19-CV-04243-GW-ASx<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR ATTORNEY FEES AND SANCTIONS**<br><br>Date:　　　　August 5, 2019<br>Time:　　　　8:30 a.m.<br>Courtroom:　　9D<br>Judge:　　　Hon. George H. Wu |

Case No. 2:19-CV-04243-GW-ASx

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR ATTORNEY FEES AND SANCTIONS

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................ 1

II.     ARGUMENT ...................................................................................................... 1

    A.    Deras Is A Sham Defendant ..................................................................... 1

        1.    Plaintiff's Harassment Claim Against Deras Is Time-Barred ............................................................................................ 3

        2.    Plaintiff's Threatened Claims Against Deras Are Time-Barred ............................................................................................ 3

        3.    Plaintiff Cannot State A Harassment Claim Against Deras ......... 4

        4.    Plaintiff Also Cannot State A Claim For IIED Either ................. 6

        5.    Plaintiff Cannot State A Section 1102.5 Claim Against Deras ............................................................................................ 7

            a.    Section 1102.5 Does Not Create Individual Liability ........ 7

            b.    Even If 1102.5 Authorized Individual Liability, Plaintiff Alleges No Protected Activity ............................. 8

    B.    Regus Is Not A Resident Of California ..................................................... 9

        1.    Regus Sufficiently Alleged Its Principal Place of Business In The Notice of Removal ........................................................ 10

        2.    To The Extent The Court Questions The Sufficiency Of Regus's Jurisdictional Allegations, Amendment Is Appropriate .............................................................................. 12

    C.    The Amount In Controversy Exceeds $75,000 ..................................... 13

        1.    Defendants Have Met Their Burden Of Establishing The Amount In Controversy .............................................................. 13

        2.    Plaintiff Does Not Contend The Amount Sought Is Less Than $75,000 ............................................................................. 14

    D.    There Is No Basis to Award Fees or Costs. .......................................... 15

III.    CONCLUSION ............................................................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Abrego Abrego v. The Dow Chem. Co.*
    443 F.3d 676 (9th Cir. 2006) ............................................................................... 13

*Altamirano v. Shaw Indus. Inc.*
    No. C-13-0939 EMC, 2013 WL 2950600 (N.D. Cal. June 14, 2013) ................. 14

*ARCO Envtl. Remediation, LLC v. Dep't. of Health & Envtl. Quality of Mont.*
    213 F.3d 1108 (9th Cir. 2000) ............................................................................. 12

*Bales v. Cty. of El Dorado*
    No. 2:18-CV-01714-JAM-DB, 2018 WL 4558235 (E.D. Cal. Sep. 20, 2018) ..... 8

*Benson v. SI Handling Systems, Inc.*
    188 F.3d 780 (7th Cir. 1999) ............................................................................... 14

*Caterpillar, Inc. v. Lewis*
    519 U.S. 61 (1996) ................................................................................................. 2

*Caudillo v. Allstate Ins. Co.*
    196 F. Supp. 2d 999 (C.D. Cal. 2002) ................................................................... 3

*Conner v. Aviation Servs. of Chevron U.S.A*
    No. 14-CV-02102-JD, 2014 WL 5768727 (N.D. Cal. Nov. 5, 2014) .................... 8

*Davis v. HSBC Bank Nevada*
    557 F.3d 1026 (9th Cir. 2009) ....................................................................... 11, 12

*Ellenburg v. Spartan Motors Chassis, Inc.*
    519 F.3d 192 (4th Cir. 2008) ............................................................................... 11

*Gafford v. Gen. Elec. Co.*
    997 F.2d 150 (6th Cir.1993) ................................................................................ 12

*Gardner v. GC Servs., LP*
    No. 10-CV-997-IEG (CAB), 2010 WL 2721271 (S.D. Cal. July 6, 2010) ......... 13

*Gardner v. UICI*
    508 F.3d 559 (9th Cir. 2007) ............................................................................... 15

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR ATTORNEY FEES AND SANCTIONS

PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

*Gorom v. Old Dominion Freight Line Inc.*
No. 2:12-CV-08374-SVW, 2013 WL 195377 (C.D. Cal. Jan 17, 2013) .............. 6

*Guglielmino v. McKee Foods Corp.*
506 F.3d 696 (9th Cir.2007) ................................................................... 15

*Hertz Corp. v. Friend*
559 U.S. 77 (2010) ........................................................................ 9, 10, 12

*Ho v. Ikon Office Solutions, Inc.*
143 F. Supp. 2d 1163 (N.D. Cal. 2001) ................................................... 11

*Hurd v. Am. Income Life Ins.*,
No. CV-13-05205 RSWL-MRW, 2013 WL 5575073
(C.D. Cal. Oct. 10, 2013) ................................................................... 5, 6

*Jankins v. Wells Fargo Bank, N.A.*
No. CV1700887BROAJW, 2017 WL 1181562 (C.D. Cal. Mar. 29, 2017) ........ 15

*Kacludis v. GTE Sprint Commc'ns Corp.*
806 F. Supp. 866 (N.D. Cal. 1992) ......................................................... 12

*Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*
199 F. Supp. 2d 993 (C.D. Cal. 2002) ..................................................... 13

*Korn v. Polo Ralph Lauren Corp.*
536 F. Supp. 2d 1199 (E.D. Cal. 2008) ................................................... 13

*Love v. Motion Indus., Inc.*
309 F. Supp. 2d 1128 (N.D. Cal. 2004) ..................................................... 9

*Lussier v. Dollar Tree Stores, Inc.*
518 F.3d 1062 (9th Cir. 2008) ................................................................ 15

*Martin v. Franklin Capital Corp.*
546 U.S. 132 (2005) ............................................................................. 15

*Martinez v. Schneider Logistics Transloading & Distribution*, Inc.
No. EDCV 16-1886 JGB (DTBx), 2016 WL 6833911
(C.D. Cal. Nov. 18, 2016) ...................................................................... 6

*McCabe v. Gen. Foods Corp.*
811 F.2d 1336 (9th Cir. 1987) .................................................................. 2

iii

PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR ATTORNEY FEES AND SANCTIONS

*Moore v. California Dep't of Corr. & Rehab.*
No. CV F 10–1165 LJO SMS, 2012 WL 5288785 (E.D. Cal. Oct. 24, 2012).......5

*Nasrawi v. Buck Consultants, LLC*
713 F. Supp. 2d 1080 (E.D. Cal. 2010) ................................................................ 2

*Newton v. Bank of Am.*
No. CV 16-09581-AB, 2018 WL 6219946 (C.D. Cal. Jan. 18, 2018)................... 4

*Phillips-Kerley v. City of Fresno*
No. 1:18-CV-438 AWI BAM, 2018 WL 5255224 (E.D. Cal. Oct. 19, 2018).......8

*Robles v. Agreserves, Inc.*
158 F. Supp. 3d 952 (E.D. Cal. 2016) ................................................................. 4

*Sanchez v. Monumental Life Ins. Co.*
102 F.3d 398 (9th Cir. 1996) ............................................................................. 13

*Silva v. Wells Fargo Bank NA*
No. CV 11-3200 GAF, 2011 WL 2437514 (C.D. Cal. June 16, 2011)...............11

*Simmons v. PCR Tech.*
209 F. Supp. 2d 1029 (N.D. Cal. 2002)............................................................. 14

*Singer v. State Farm Mut. Auto. Ins. Co.*
116 F.3d 373 (9th Cir. 1997) ............................................................................. 13

*Tech-Hills II Assoc. v. Phoenix Home Life Mut. Ins. Co.*
5 F.3d 963 (6th Cir. 1993) ................................................................................. 12

*Tiffany v. O'Reilly Auto. Stores, Inc.*
No. CIV. S-13-0926 LKK/KJN, 2013 WL 4894307
(E.D. Cal. Sept. 11, 2013) ................................................................................. 15

*Tillery v. Lollis*
No. 1:14-CV-02025-KJM, 2015 WL 4873111 (E.D. Cal. Aug. 13, 2015) ........... 8

*Toranto v. Jaffurs*
297 F. Supp. 3d 1073 (S.D. Cal. 2018) ............................................................... 8

*Unger v. Del E. Webb Corp.*
233 F. Supp. 713 (N.D. Cal. 1964)...................................................................... 9

*United States ex rel. Lupo v. Quality Assurance Servs., Inc.*
242 F. Supp. 3d 1020 (S.D. Cal. 2017) ............................................................... 8

iv                    Case No. 2:19-CV-04243-GW-ASx

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR ATTORNEY FEES AND SANCTIONS

*Vera v. Con-way Freight, Inc.*
No. CV 15-874 AJW, 2015 WL 1546178 (C.D. Cal. Apr. 6, 2015) ...................... 8

**STATE CASES**

*Am. Computer Corp. v. Superior Court*
213 Cal. App. 3d 664 (1989) ................................................................ 9

*Hughes v. Pair*
46 Cal.4th 1035 (2009) .................................................................. 6, 7

*Janken v. GM Hughes Elecs.*
46 Cal. App. 4th 55 (1996) ............................................................. 4, 7

*Mokler v. Cty. of Orange*
157 Cal. App. 4th 121 (2007) ............................................................ 5

*Morgan v. Regents of Univ. of Cal.*
88 Cal. App. 4th 52 (2000) .............................................................. 9

*Reno v. Baird*
18 Cal.4th 640 (1998) ................................................................... 5

*Romano v. Rockwell Int'l, Inc.*
14 Cal.4th 479 (1996) ................................................................... 3

*Yurick v. Superior Court*
209 Cal. App. 3d 1116 (1989) ........................................................... 7

**FEDERAL: STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS**

28 U.S.C. § 1332 .................................................................. 1, 9, 11

28 U.S.C. § 1441(b)(2) .................................................................. 1

28 U.S.C § 1446(a) ..................................................................... 10

**STATE: STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS**

Cal. Civ. Proc. Code § 335.1 ........................................................... 4

Cal. Gov't Code § 12960(d) ............................................................. 3

Cal. Lab. Code § 1102.5 ............................................................ passim

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

## I.    INTRODUCTION

Plaintiff's Motion seems but a flailing gambit to avoid this Court's jurisdiction, even though defendant Regus Management Corp. LLC, as a foreign corporation, has properly sought jurisdiction here.  Solely to defeat diversity, Plaintiff has personally sued her supervisor Erika Deras ("Deras"), a California resident, alleging a single, facially time-barred claim.  Plaintiff now argues that even though that claim may be time-barred, this Court should nevertheless remand this case because she could conceivably amend to add additional causes of action against Deras.

Because Plaintiff has not, and cannot, allege any actions taken by Deras outside of her official capacity as Plaintiff's supervisor, or which occurred within the relevant statutes of limitations, Deras is a sham defendant and this Court's jurisdiction secure.  To hold otherwise would allow—and encourage—employment case plaintiffs to indiscriminately sue their supervisors.  As more fully explained below, such a result is not warranted here; Plaintiff's Motion should be denied.[1]

## II.    ARGUMENT

### A.    Deras Is A Sham Defendant

Normally, an action in which the federal courts have jurisdiction pursuant to 28 U.S.C. § 1332 (diversity) is not removable "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).  However, the Supreme Court has made clear that removal is still proper, despite the presence of a non-diverse defendant, if

---

[1] In her Motion Plaintiff makes multiple references to the undersigned's agreement to allow Plaintiff to file her motion to amend the FAC as an unopposed motion. (Mot pp. 8, 17.)  It's unclear how the extension of this professional courtesy would impact any remand analysis, especially because the proposed amendments would make it even more clear that jurisdiction is appropriate before this Court.  Indeed, Defendants intend to move to dismiss the Second Amended Complaint should leave to amend be granted.

that defendant is a "fraudulently joined" or "sham" defendant.  *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

The test as to whether a defendant is a sham defendant is straightforward.  "In the Ninth Circuit, a non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Nasrawi v. Buck Consultants, LLC*, 713 F. Supp. 2d 1080, 1084 (E.D. Cal. 2010) (collecting Ninth Circuit authorities); *see also McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) ("If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent.").

*McCabe* is particularly instructive.  There, an employee sued his employer and supervisors for wrongful termination and related claims.  The plaintiff alleged that the individual defendants acted with ill will towards the plaintiff by engaging in "wrongful conduct" and ultimately terminating the plaintiff's employment. *McCabe*, 811 F.2d at 1337.  The Ninth Circuit ruled that the plaintiff "failed to state any cause of action" against the individual defendants because the actions "had been in their managerial capacity" and therefore their joinder was merely a sham to defeat jurisdiction. *Id.* at 1339.  Thus, the plaintiff's decision to sue the individual defendants "did not destroy diversity." *Id*.

Where a plaintiff's claims against an individual defendant are clear from the face of the pleadings, the district court can, and should, conclude the removal proper "on the basis of the complaint alone." *Id*.  Here, because Plaintiff has not alleged, and cannot allege, any non-time-barred claim against Deras, remand would be inappropriate.

/ / /

/ / /

### 1. Plaintiff's Harassment Claim Against Deras Is Time-Barred

The FAC contains only a single cause of action against Deras for disability harassment in violation of the Fair Employment and Housing Act ("FEHA"). (FAC Count I.) However, in order to bring a harassment claim under the FEHA, a plaintiff must exhaust her administrative remedies by filing a DFEH complaint within one year of the date of the alleged unlawful practice. *See* Cal. Gov't Code § 12960(d); *Romano v. Rockwell Int'l, Inc.*, 14 Cal.4th 479, 493 (1996). When it is "clear from the plaintiff's pleading" that a claim against an individual defendant is time barred, it cannot be the basis of a remand. *Caudillo v. Allstate Ins. Co.*, 196 F. Supp. 2d 999, 1002 (C.D. Cal. 2002).

Here Plaintiff admits that she was terminated on March 9, 2017, and had no contact with Deras after that date. (FAC ¶ 18.) Yet she did not file her DFEH complaint until February 25, 2019—almost two full years after the wrongful conduct allegedly occurred, nearly a year after the statute of limitations had expired. [D.E. 1-2 at pp. 50-54]. Thus, her harassment complaint against Deras is completely time-barred by the applicable statute of limitations and cannot be used to defeat diversity jurisdiction.[2]

### 2. Plaintiff's Threatened Claims Against Deras Are Time-Barred

Because the only cause of action against Deras is clearly time-barred, Plaintiff has threatened to amend a second time to add causes of action against Deras for intentional infliction of emotional distress and whistleblower retaliation in violation of California Labor Code Section 1102.5. But these claims would *also* be time-barred as a matter of law.

/ / /

---

[2] Despite a pending motion to dismiss on *exactly* this issue, Plaintiff curiously opted to ignore the statute of limitations in her motion.

The applicable statute of limitations for a claim for intentional infliction of emotional distress ("IIED") is two years. *Robles v. Agreserves, Inc.*, 158 F. Supp. 3d 952, 990 (E.D. Cal. 2016) (citing Cal. Civ. Proc. Code § 335.1). To support her threatened IIED claim, Plaintiff offers only that Deras allegedly told Plaintiff "you really should not tell HR that you have anxiety and panic attacks because they are going to think that you are not fit to be a manager." (Mot. p.13; FAC at ¶18(a)). Because, however, Plaintiff claims that this occurred in "June/May of 2016," it, too, is time-barred, and any amendment to include it in a second amended complaint would be fruitless. *Id.*[3]

Amending the FAC to add Deras to Plaintiff's Section 1102.5 claim would also merely add another time-barred claim. Where, as here, a Plaintiff seeks civil penalties under Labor Code Section 1102.5 (FAC ¶ 60), a one-year statute of limitations applies. *Newton v. Bank of Am.*, No. CV 16-09581-AB (RAOx), 2018 WL 6219946, at *3 (C.D. Cal. Jan. 18, 2018).

### 3.    Plaintiff Cannot State A Harassment Claim Against Deras

Even were Plaintiff's harassment claim against Deras deemed timely (which it isn't), the claim would still fail.

To state a claim for individual harassment liability under the FEHA, a plaintiff must allege facts showing that the supervisor engaged in conduct that is "outside the scope of necessary job performance. . . presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives." *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 63 (1996). Accordingly, "commonly necessary personnel management actions such as hiring and firing" cannot support a claim for harassment. *Id.* at 64-65. The logic behind this distinction is simple—a "supervisory employee can insulate himself or herself

---

[3] Even if timely, Plaintiff's allegations wouldn't be sufficient to state a claim for intentional infliction of emotional distress. *See infra* pp. 5-6.

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

4                                                    Case No. 2:19-CV-04243-GW-ASx
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR ATTORNEY
FEES AND SANCTIONS

from claims of harassment by refraining from" inappropriate conduct such as the use of slurs or mockery, but "an individual supervisory employee cannot, however, refrain from engaging in the type of [routine personnel decisions] which could later give rise to a discrimination claim." *Reno v. Baird*, 18 Cal.4th 640, 646 (1998). Additionally, because a harassment claim cannot be supported by "occasional, isolated, sporadic, or trivial" acts, an employee cannot defeat diversity simply by alleging a few "rude, inappropriate, [or] offensive" comments on behalf of a supervisor. *Hurd v. Am. Income Life Ins.*, No. CV-13-05205 RSWL-MRW, 2013 WL 5575073, at *4-5 (C.D. Cal. Oct. 10, 2013) (citing *Mokler v. Cty. of Orange*, 157 Cal. App. 4th 121, 145 (2007).

Here, the only allegations against Deras are that she once told Plaintiff that "you really should not tell HR that you have anxiety and panic attacks because they are going to think that you are not fit to be a manager" and that she made "harassing and demeaning comments toward Ms. Guatemala as she was being terminated." (Mot. p. 5.). The allegedly "harassing and demeaning comments" cited to in the FAC are:

1) "As Plaintiff was on the computer, Defendant Derias hovered over Plaintiff and stated, 'I am waiting for you to finish.'" (FAC ¶ 18(h).); and

2) "Defendant Derias called HR on her cell phone to have Plaintiff removed from the premises. Once Defendant Derias hung up the phone she stated to Plaintiff, "I need you to leave the premises now." (FAC ¶ 18(i).)

These allegations—one arguably insensitive comment about her anxiety and asking her to leave the premises after her termination—simply cannot support individual liability as a matter of law. *Moore v. California Dep't of Corr. & Rehab.*, No. CV F 10–1165 LJO SMS, 2012 WL 5288785, at *12 (E.D. Cal. Oct. 24, 2012) ("sporadic racially insensitive comments" insufficient to support a harassment claim); *Reno*, 18 Cal. 4th at 653 (imposing liability on supervisory employees for necessary actions incidental to "hiring or firing" would unlawfully "place a

5                                                     Case No. 2:19-CV-04243-GW-ASx

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR ATTORNEY FEES AND SANCTIONS

supervisory employee in a direct conflict of interest with his or her employer every time that supervisory employee was faced with a personnel decision").

This Court has regularly refused to remand under similar circumstances. *See Gorom v. Old Dominion Freight Line Inc*., No. 2:12-CV-08374-SVW, 2013 WL 195377, at *2 (C.D. Cal. Jan 17, 2013) (concluding that employer satisfied its burden of establishing fraudulent joinder where allegations of harassment against "sham" defendants consisted only of the supervisors' personnel decisions, including denial of a transfer request, denial of request for an "accommodation" from the company's "no idling" policy, suspending Plaintiff for alleged misconduct, and requiring Plaintiff to attend a meeting where they accused him of the alleged misconduct); *Martinez v. Schneider Logistics Transloading & Distribution*, *Inc.*, No. EDCV 16-1886 JGB (DTBx), 2016 WL 6833911, at *4 (C.D. Cal. Nov. 18, 2016) ("Plaintiff has not shown that she could plausibly allege any facts that would subject Gonzalez to individual liability for harassment: her only actions relate to decisions about Plaintiff's responsibilities and eventual termination. Whether Gonzalez acted in an unprofessional or even inappropriate manner, such conduct simply does not fall under the scope of FEHA's protection against harassment . . . because Plaintiff's claim for harassment cannot succeed, the Court is satisfied that Gonzalez was fraudulently joined."); *Hurd*, 2013 WL 5575073, at *4 (C.D. Cal. Oct. 10, 2013) (the individual defendant was a sham defendant because the alleged conduct of the supervisor constituted personnel management decisions and a couple of alleged rude encounters could not elevate it to harassment).

### 4.     Plaintiff Also Cannot State A Claim For IIED Either

To state a *prima facie* case of IIED, a plaintiff must identify "extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress." *Hughes v. Pair*, 46 Cal.4th 1035, 1050 (2009).  A defendant's conduct is "outrageous" when it is "so extreme as to exceed all bounds of that usually tolerated in a civilized community."

6                          Case No. 2:19-CV-04243-GW-ASx

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR ATTORNEY FEES AND SANCTIONS

*Id.* at 1050-51 (internal quotation marks omitted). Liability for IIED "does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities," or even to "mere profanity, obscenity, or abuse, without circumstances of aggravation." *Id.* at 1051; *Yurick v. Superior Court*, 209 Cal. App. 3d 1116, 1128 (1989).

And, just as in the case of individual liability under the FEHA, everyday personnel management activities, such as demotion or termination, cannot form the basis of a claim for IIED, even if maliciously motivated. *Janken*, 46 Cal. App. 4th at 80 (1996) ("An essential element of such a claim is a pleading of outrageous conduct beyond the bounds of human decency. . . . Managing personnel is not outrageous conduct beyond the bounds of human decency, but rather conduct essential to the welfare and prosperity of society.")

### 5. Plaintiff Cannot State A Section 1102.5 Claim Against Deras

Plaintiff also argues that Deras is not a sham defendant because she intends to amend the FAC to add Deras' name to her Section 1102.5 claims. This would not defeat diversity because, in addition to being time-barred (as explained more fully above) Section 1102.5 does not provide a private right of action against individual defendants, and Plaintiff does not allege that she ever engaged in any protected "whistleblower" activity.

### a. Section 1102.5 Does Not Create Individual Liability

Plaintiff claims that "whistleblower violations may be properly pleaded against Defendant Deras as an individual" because Section 1102.5 was amended in 2013 to prohibit "any person acting on behalf of the employer" from retaliating against a whistleblower. (Mot. p. 13). Plaintiff offers no case law to support this interpretation, likely because no court has ever so held, and every court to ever decide the issue has held that the statute imposes no such individual liability.

Indeed, every district court that has considered this issue, has concluded that Labor Code Section 1102.5 does not impose liability on an individual supervisor.

7

Case No. 2:19-CV-04243-GW-ASx

*See, e.g., Conner v. Aviation Servs. of Chevron U.S.A*, No. 14-CV-02102-JD, 2014 WL 5768727, at *5 (N.D. Cal. Nov. 5, 2014) (claims against individual defendants dismissed "on the grounds that only the employer is a proper defendant for the alleged violations of California Labor Code Section[] 1102.5"); *Phillips-Kerley v. City of Fresno*, No. 1:18-CV-438 AWI BAM, 2018 WL 5255224, at *3 (E.D. Cal. Oct. 19, 2018) (whistleblower protections under Section 1102.5 require an employer/employee relationship); *Toranto v. Jaffurs*, 297 F. Supp. 3d 1073, 1105 (S.D. Cal. 2018) (section 1102.5 claim dismissed against individual defendant because there is no individual liability under that statute); *Bales v. Cty. of El Dorado*, No. 2:18-CV-01714-JAM-DB, 2018 WL 4558235, at *2 (E.D. Cal. Sep. 20, 2018) (district courts have consistently found that section 1102.5 does not impose individual liability on supervisors); *Vera v. Con-way Freight, Inc.*, No. CV 15-874 AJW, 2015 WL 1546178, at *1 (C.D. Cal. Apr. 6, 2015) ("The statutory text, structure, and legislative history all indicate that only employers—not individual employees—are liable for violations of the statute."); *Tillery v. Lollis*, No. 1:14-CV-02025-KJM, 2015 WL 4873111, at *10 (E.D. Cal. Aug. 13, 2015) (Section 1102.5 uses the "kind of language consistently associated with imposition of liability on an employer alone"); *United States ex rel. Lupo v. Quality Assurance Servs., Inc.*, 242 F. Supp. 3d 1020, 1030 (S.D. Cal. 2017) (Section 1102.5 claim against individual defendants dismissed because of precedent considering similarly worded statutes).

### b.   Even If 1102.5 Authorized Individual Liability, Plaintiff Alleges No Protected Activity

Even if individual liability under Section 1102.5 were appropriate (which it isn't), Plaintiff doesn't state a claim.

To establish a *prima facie* case of retaliation under Labor Code Section 1102.5, Plaintiff must show: (1) that she engaged in protected activity; (2) that she was thereafter subjected to an adverse employment action; and (3) that there was a

8

Case No. 2:19-CV-04243-GW-ASx

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR ATTORNEY FEES AND SANCTIONS

causal link between the protected activity and the adverse employment action. *Love v. Motion Indus., Inc.*, 309 F. Supp. 2d 1128, 1134 (N.D. Cal. 2004) (citing *Morgan v. Regents of Univ. of Cal.*, 88 Cal. App. 4th 52, 69 (2000)). For the purposes of Section 1102.5, protected activity means reporting a good-faith belief that the employer has committed or plans to commit "a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation." Cal. Lab. Code § 1102.5(b). Plaintiff makes no such allegation.

Here, Plaintiff alleges only that "Defendant Deras retaliated against Plaintiff for complaining that Defendant Deras was embezzling company funds with the company credit card." (Mot p. 13, citing FAC ¶¶ 153-154). She doesn't even try to tie that allegation to her eventual termination. But even if Plaintiff *had* made such an allegation, it still could not support a claim under Section 1102.5 because reports of embezzlement serve "only the private interest of the employer" and do not advance any public policy, they cannot "support a claim for wrongful termination" as a matter of law. *Am. Computer Corp. v. Superior Court*, 213 Cal. App. 3d 664, 665 (1989), *modified* (Sept. 19, 1989).

### B.    Regus Is Not A Resident Of California

A corporation is a citizen of the state under whose laws it is incorporated and of its principal place of business. 28 U.S.C. § 1332(c)(1). Where, as here, a corporation conducts significant operations in many states, the appropriate test in determining the principle place of business is the "nerve center" test. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Relevant considerations under the nerve center test include where the directors and stockholders meet, where the executives live and have their offices, where the administrative and financial offices are located, where the records are kept, where the income tax return is filed, where the "home office" is located and where day-to-day control of the business is exercised. *Unger v. Del E. Webb Corp.*, 233 F. Supp. 713, 716 (N.D. Cal. 1964). In the instant case all of these elements point to Addison, Texas, which is why, from her office at

PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

Regus headquarters located at 15305 Dallas Parkway, Suite 400 in Addison, Texas, Regus' Vice President of Human Relations submitted a declaration stating that Addison is Regus' primary place of business. [D.E. 1-1].

### 1.      Regus Sufficiently Alleged Its Principal Place of Business In The Notice of Removal

Plaintiff claims that even at this early stage, Defendants must somehow submit proof such as "annual reports or other documents showing where the corporation's business activities are directed, including product development, exporting, marketing, production, research, service, etc." in order to establish that Regus is not a resident of California.  (Mot. p. 14.)  Again, she's wrong.  The statute setting forth the procedure for removal, 28 U.S.C § 1446(a), states that the removing party need only file a "short and plain statement of the grounds for removal" signed pursuant to Rule 11.  Moreover, courts—including Plaintiff's own cited decisions—hold that factual assertions are sufficient for removal purposes.  Plaintiff cites *Hertz*, for the proposition that unless the removing party submits "sufficient proof to establish a corporation's nerve center" it cannot remove.  559 U.S. 77 at 96.  But *Hertz* contains no such holding.

In *Hertz*, the Court held that, after removal "**when challenged** on allegations of jurisdictional facts, **the parties** must support their allegations by competent proof." *Id*. (emphasis added).  *Hertz* in no way supports Plaintiff's unusual contention that her jurisdictional allegations must be accepted as true while Defendants' must be supported by clear and convincing evidence—rather, it merely supports the imminently reasonable contention that if, **after removal**, the Parties dispute the situs of the nerve center **both parties** can submit evidence as to its location.  *Id*. at 97 (if the party resisting removal submits evidence of "manipulation—for example, that the alleged 'nerve center' is nothing more than a mail drop box, a bare office with a computer, or the location of an annual executive retreat—the courts should instead take as the 'nerve center' the place of actual

PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

10

Case No. 2:19-CV-04243-GW-ASx

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR ATTORNEY FEES AND SANCTIONS

direction, control, and coordination, in the absence of such manipulation").

As above, Plaintiff cites no other authority to support her position, likely because the authorities are squarely against her. In fact, federal case law has repeatedly held the exact opposite. *See Silva v. Wells Fargo Bank NA*, No. CV 11-3200 GAF (JCGx), 2011 WL 2437514, at *3 (C.D. Cal. June 16, 2011) ("Nothing in the statute requires a removing defendant to submit evidence in support of its jurisdictional allegations.") (citing *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008) ("just as a plaintiff's complaint sufficiently establishes diversity jurisdiction if it alleges that the parties are of diverse citizenship and that '[t]he matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332' . . . so too does a removing party's notice of removal sufficiently establish jurisdictional grounds for removal by making jurisdictional allegations in the same manner").

Plaintiff well knows that Regus' corporate offices are in Texas, but argues that Regus should still be considered a citizen of California citizen because "according to Regus Management's website, the company has over 170 locations in California, compared to less than 130 locations in Texas." (Mot. p. 15.) Again, even if true, this argument has been soundly rejected by every court to ever examine it, including the 9th Circuit and the U.S. Supreme Court. *Davis v. HSBC Bank Nevada*, 557 F.3d 1026, 1029 (9th Cir. 2009) (Rejecting California as principal place of business because, as California is the nation's largest state there often will be more activity in California than in any other, therefore "if a corporation may be deemed a citizen of California on this basis, nearly every national retailer—no matter how far flung its operations—will be deemed a citizen of California."; *Ho v. Ikon Office Solutions, Inc.* 143 F. Supp. 2d 1163, 1167-68 (N.D. Cal. 2001) ("it is highly unlikely that Congress intended every national corporation that does more business in California than in any other single state, by virtue of that fact alone, to be deemed a citizen of California for the purposes of diversity jurisdiction [as

11

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR ATTORNEY FEES AND SANCTIONS

[s]uch a rule would distort access to federal court in California—making it more difficult (than Congress intended) for California plaintiffs to sue out of state companies in federal court and more difficult for out of state defendants to remove cases to federal court in order to avoid the risk of local prejudice."); *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("if a corporation may be deemed a citizen of California on the basis of activities that roughly reflect California's larger population nearly every corporation with a national footprint . . . will be deemed a citizen of California for diversity purposes") (citing *Davis,* 557 F.3d at 1029-30).

### 2. To The Extent The Court Questions The Sufficiency Of Regus's Jurisdictional Allegations, Amendment Is Appropriate

The Court has discretion to grant leave to amend a removal notice. Such discretion is permitted even after the 30 day removal period has expired. *Kacludis v. GTE Sprint Commc'ns Corp*., 806 F. Supp. 866, 869 (N.D. Cal. 1992) (defects in the form of a removal petition are amendable at any time, not just within the original 30-day period for removal); *ARCO Envtl. Remediation, LLC v. Dep't. of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1117 (9th Cir. 2000) (a defendant may amend the notice of removal after the 30-day window to correct a defective allegation of jurisdiction); and *Tech-Hills II Assoc. v. Phoenix Home Life Mut. Ins. Co.*, 5 F.3d 963, 969 (6th Cir. 1993) (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 164 (6th Cir.1993) (amendments to the jurisdictional allegations of removal petitions should be permitted in the same manner as amendments to any other pleading)).

Plaintiff has no good-faith belief that Regus is a California resident, which is why she has fraudulently joined Deras to defeat removal. However, to the extent that the Court has any doubts as to Regus' residency, Regus is happy to amend and provide additional supporting allegations and evidence.

/ / /

**C.      The Amount In Controversy Exceeds $75,000**

     **1.      Defendants Have Met Their Burden Of Establishing The Amount In Controversy**

At the removal stage, a defendant's burden is only to establish that it is "more likely than not" that the amount in controversy exceeds the jurisdictional amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  This burden is not "daunting," and courts recognize that under this standard, a removing defendant is not obligated to "research, state, and prove the plaintiff's claim for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008).  The defendant's burden is only to establish what amount is put "in controversy" by the plaintiff's complaint, not what the plaintiff will ultimately recover. *Id*. at 1205.

A defendant is not, as Plaintiff now argues, obligated "to submit summary judgment type evidence" to establish that the amount in controversy exceeds $75,000.  (Mot. p. 16.)  The case Plaintiff cites for this proposition, *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993 (C.D. Cal. 2002), misstates the Ninth Circuit authority it cites.  *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) actually states that courts may "require parties to submit summary-judgment-type evidence" after considering the removal petition, not that defendants must submit such evidence.  And, more recent cases than *Kenneth Rothschild Trust* are contrary.[4]  *See, e.g*., *Gardner v. GC Servs., LP*, No. 10-CV-997-IEG (CAB), 2010 WL 2721271, at *3 (S.D. Cal. July 6, 2010) ("Contrary to Plaintiff's contentions, however, there is no obligation on Defendant to submit any declarations or 'summary-judgment-type evidence' in support of its assertion that the jurisdictional amount is met in the present case") (citing *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006)); *see also*

---

[4] Plaintiff did not cite any of these contrary authorities to this Court.

PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR ATTORNEY FEES AND SANCTIONS

*Altamirano v. Shaw Indus. Inc.*, No. C-13-0939 EMC, 2013 WL 2950600, at *4 (N.D. Cal. June 14, 2013) (denying motion to remand and observing that courts "have rejected the notion that the fact that courts *may* consider such evidence necessarily *requires* the removing party to produce it").

*Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033-34 (N.D. Cal. 2002), is particularly on point.  Like the instant case, *Simmons* involved a FEHA action in which the plaintiff did not specify the amount of damages sought.  The court found that, notwithstanding the alleged economic damages, where punitive damages, emotional distress damages, and attorneys' fees were sought, the jurisdictional minimum was easily met.  *Id*. at 1033-35.

As properly alleged in the Notice of Removal, Plaintiff specifically seeks as damages for: (1) general damages, (2) special damages, (3) loss of past earnings, (4) loss of future earnings, (5) loss of future earning capacity, (6) civil penalties, (7) past and future medical expenses (8) unspecified consequential and incidental damages, (9) attorneys' fees, (10) emotional distress damages, (11) humiliation and embarrassment (12) mental and physical pain and anguish, (13) mental and physical injuries, and (14) exemplary and punitive damages. [DE 1 at ¶ 23.]  Even without considering any other category of damages, simple arithmetic shows that Plaintiff is seeking at least $135, 360 in lost wages alone. [DE 1 at ¶ 25.]

### 2. Plaintiff Does Not Contend The Amount Sought Is Less Than $75,000

Perhaps recognizing the double-edged sword of conceding that her case lacks $75,000 in alleged damages, nowhere in Plaintiff's papers does she actually ever assert that the amount in controversy is below the jurisdictional limit. Rather, she argues only that her "complaint does not specify a particular amount of damages." [DE 17 at p. 16.]  Yet Plaintiff is the "master" of her own Complaint, and her request for relief is a fact indisputably in her own control.  Courts have cautioned against rewarding such gamesmanship in diversity actions.  *See Benson v. SI*

14

*Handling Systems, Inc.*, 188 F.3d 780, 783 (7th Cir. 1999) (only after remand to state court did plaintiffs reveal that they sought more than $75,000 in damages; appeals court saw no reason to reward plaintiffs' "game-playing" and held that defendants could properly remove action). Thankfully, because the Court is specifically allowed to rely upon its own experience and good judgment to "make estimates of the amount in controversy" it need not indulge Plaintiff's gamesmanship. *Tiffany v. O'Reilly Auto. Stores, Inc.*, No. CIV. S-13-0926 LKK/KJN, 2013 WL 4894307, at *2 (E.D. Cal. Sept. 11, 2013) (citing *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir.2007)).

### D. There Is No Basis to Award Fees or Costs.

"Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.*; *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008) ("[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit…").

Removal was – and remains – proper because Plaintiff has brought facially time-barred causes of action against a sham defendant solely to defeat this Court's jurisdiction. Courts routinely deny fee motions even where defendants had much more tenuous bases to remove. *See Gardner v. UICI*, 508 F.3d 559, 563 (9th Cir. 2007) (holding that the district court abused its discretion in awarding fees and costs where the viability of plaintiff's claim against the resident defendant was unclear under California law, and the removing defendant therefore had an objectively reasonable basis to remove); *Jankins v. Wells Fargo Bank, N.A.*, No. CV1700887BROAJW, 2017 WL 1181562, at *7 (C.D. Cal. Mar. 29, 2017) ("Though the Court holds removal was improper here, Defendants had a reasonable basis for believing removal of the action was proper as Defendants presented

PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

Case No. 2:19-CV-04243-GW-ASx

compelling arguments that WFC might be a sham defendant.")  Plaintiff's fee request is, as are her legal arguments supporting her motion, without merit.

## III.    CONCLUSION

For all the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's Motion, retain jurisdiction over this action, and deny Plaintiff's request for sanctions.

Dated:  July 15, 2019

PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

By:    _/s/ Nicholas P. Banegas_

E. JOSEPH CONNAUGHTON
NICHOLAS P. BANEGAS
Attorneys for Defendants REGUS MANAGEMENT GROUP, LLC and ERIKA DERAS

PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

16

Case No. 2:19-CV-04243-GW-ASx

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR ATTORNEY FEES AND SANCTIONS