# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 19-4243-GW-ASx | Date | August 5, 2019 |
|---|---|---|---|
| Title | *Viviriana Guatemala v. Regus Management Group, LLC, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | Katie E. Thibodeaux | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:
Tessa King
Nahal Barahmand

Attorneys Present for Defendants:
E. Joseph Connaughton

**PROCEEDINGS:** PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR ATTORNEY FEES AND SANCTIONS IN THE AMOUNT OF $2,313.56 [17]

DEFENDANT REGUS MANAGEMENT GROUP, LLC AND ERIKA DERAS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT [11]

SCHEDULING CONFERENCE

The Court's Tentative Ruing is circulated and attached hereto. Court hears oral argument. Based on the Tentative, and for reasons stated on the record, Plaintiff's Motion is DENIED to allow Plaintiff to file an amended complaint. Defendant's Motion to Dismiss is deemed MOOT. Plaintiff's Motion for Leave [21], set for hearing on September 9, 2019, is taken off-calendar.

The Court sets a status conference for September 12, 2019 at 8:30 a.m. Parties may request the hearing to be taken off-calendar if a dispositive motion is filed before the status conference.

The scheduling conference is taken off-calendar.

| | : | 06 |
|---|---|---|
| | Initials of Preparer | JG |

<u>*Guatemala v. Regus Management Grp., LLC et al.*</u>; Case No. 2:19-cv-4243

## I. Introduction

On February 28, 2019, Plaintiff Viviriana Guatemala filed the present lawsuit in state court against Regus Management Group, LLC ("Regus"), Erika Deras[1] ("Deras"), and Does 1-100 (collectively "Defendants") alleging: (1) actual/perceived disability harassment in violation of Cal. Gov. Code § 12940, *et seq.*; (2) actual/perceived disability discrimination in violation Cal. Gov. Code § 12940, *et seq.*; (3) actual/perceived disability retaliation in violation of Cal. Gov. Code § 12940 *et seq.*; (4) failure to engage in the mandatory good-faith interactive process in violation of Cal. Gov. Code § 12940, *et seq.*; (5) failure to accommodate in violation of Cal. Gov. Code § 12940, *et seq.*; (6) violation of the California Family Rights Act, Cal. Gov. Code § 12945.2 *et seq.*; (7) whistleblower violation, Cal. Labor Code § 1102.5; and (8) wrongful termination and retaliation in violation of public policy. *See* First Amended Complaint ("FAC"), attached as Exhibit B to Notice of Removal, Docket No. 1-3.

Deras filed a notice of removal on May 16, 2019. *See* NOR, Docket No. 1. Regus filed a notice of consent to removal. *See* Consent by Defendant Regus Management Group, LLC to Removal of Action by Defendant Erika Deras, Docket No. 5. Deras removed the case to federal court pursuant to 28 U.S.C. § 1441. Regus Management is the sole member of Regus Corporation, a Delaware Corporation with its principal place of business located in Addison, Texas. *See* Declaration of Sharon Edmondson in Support of Defendant Erika Deras' Notice of Removal ("Edmondson Decl."), Docket No. 1-1, ¶4. Plaintiff claims to be an individual residing in Los Angeles, and therefore, Deras is informed and believes that Plaintiff is a citizen of California. *See* NOR ¶ 2. Deras is an individual residing in California. *See id.* ¶ 4. Plaintiff has now filed a motion to remand because Deras's presence in this case as a defendant destroys complete diversity. However, Deras argues that her citizenship should not be considered by the Court for purposes of determining diversity jurisdiction because she is a "sham defendant." *Id.*

## II. Applicable Law

Federal courts possess limited jurisdiction, having subject matter jurisdiction only over

---

[1] Defendant Erika Deras was incorrectly referred to as Erika Derias in the Complaint. *See* Defendant Erika Deras' Notice of Removal ("NOR"), Docket No. 1, at 1.

1

matters authorized by the Constitution and Congressional statute. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Federal courts operate under the presumption that they do not have jurisdiction over state causes of action, and the party claiming federal jurisdiction must prove otherwise. *See id*. (citing *Turner v. Bank of N. Am.*, 4 U.S. 8, 11 (1799); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)). Additionally, "[t]he defendant bears the burden of establishing that removal is proper" and removal statutes are "strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *see also Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) ("[J]urisdiction must be rejected if there is any doubt as to the right of removal.").

Subject-matter jurisdiction exists over claims that: (1) are between citizens of different states, and (2) have an amount in controversy greater than $75,000. *See* 28 U.S.C. § 1332(a). Although diversity jurisdiction requires complete diversity of citizenship, there is an exception to the complete diversity requirement "where a non-diverse defendant has been fraudulently joined." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). "Joinder is fraudulent 'if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Id.* (quoting *Hamilton Materials*, *Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)). Conversely, "if there is *any* possibility that the state law *might* impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Id*. at 1044 (emphasis added). Additionally, "[t]he burden of proving a fraudulent joinder is a heavy one. The removing party must prove that there is *absolutely* no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court . . . . [citations omitted, emphasis added]" *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983). *See also Esperanza v. Shanklin Corp.*, No. 5:17–cv–2456–CAS–KK, 2017 WL 6520465, at *2 (C.D. Cal. Dec. 19, 2017); *GranCare, LLC v. Thrower,* 889 F.3d 543, 548 (9th Cir. 2018) ("A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.' [citation omitted]".). "[T]he relevant inquiry is only whether plaintiff could state a claim against [the in-state defendant] on any legal theory." *Lytle v. Ford Motor Co.*, No. 2:18-cv-1628-WBC (EFBx), 2018 WL 4793800, at *5 (E.D. Cal. Oct. 2, 2018).

**III. Discussion**

Deras does not dispute that both Deras and Plaintiff are citizens of California. *See generally* NOR. Instead, Deras argues that Deras has been fraudulently joined and therefore her citizenship should be ignored for purposes of determining diversity. *See* NOR ¶¶13-15. In order for this Court to find that Deras is a sham defendant, Defendants would have to establish that Plaintiff does not have any viable cause of action against Deras.

Plaintiff's only claim against Deras is for harassment under the California Fair Employment and Housing Act ("FEHA"). *See generally* FAC. Before bringing a lawsuit for violation of the FEHA, a plaintiff must file a timely and sufficient verified administrative complaint with the California Department of Fair Employment and Housing ("DFEH") and receive a "right-to-sue" notice. *See* Cal. Gov. Code §12960(b). The California courts have held that, in the FEHA context, administrative exhaustion is "a jurisdictional prerequisite to resort to the court." *See e.g. Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 70 (2000). Thus, a failure to properly exhaust before commencing suit is ground for dismissal of the FEHA action. *See Okoli v. Lockheed Technical Operations Co.*, 36 Cal. App. 4th 1607, 1613 and 1617 (1995); *Martin v. Lockheed Missiles & Space Co.*, 29 Cal. App. 4th 1718, 1724 (1994) ("We have recognized, in the context of the Fair Employment and Housing Act, that '[t]he failure to exhaust an administrative remedy is a jurisdictional, not a procedural, defect,' and thus that failure to exhaust administrative remedies is a ground for a defense summary judgment. [Citation omitted.]").

In order to properly administratively exhaust a FEHA claim, plaintiff must file his administrative complaint no more than one year after the date of the alleged unlawful practice. Cal. Gov't Code § 12960. *See also Trovato v. Beckman Coulter, Inc.*, 192 Cal. App. 4th 319, 323 (2011). Because Plaintiff filed her complaint with the DFEH in February of 2019 claims arising out of conduct prior to February 2018 are time-barred.

Here, Plaintiff's only claim against Deras is for harassment that allegedly occurred during her employment with Regus. *See* FAC ¶¶ 1-34. Plaintiff was terminated on March 9, 2017. *See* FAC ¶ 12. Plaintiff alleges that she suffered continuing adverse employment actions because Regus refused to rehire her, however, the only claim alleged against Deras relates to harassment that allegedly occurred during Plaintiff's employment. *See generally* Complaint. As such, Plaintiff's claim against Deras is time barred. Therefore, no cause of action has been stated against Deras and the Court would find that Deras is a sham defendant as to that cause of action. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1319-20 (9th Cir. 1998) (finding that where the statute

of limitations barred certain causes of action, no cause of action was stated against certain defendants, and therefore the defendants were sham defendants for purposes of removal).

Plaintiff argues that she should be permitted to amend her complaint to allege *other* causes of action against Deras. *See* MTR 6-7. The Court would not find a defendant fraudulently joined when amendment of the complaint could cure the deficiency. *See Nasrawi v. Buck Consultants, LLC*, 713 F.Supp.2d 1080, 1084-85 (E.D.Cal. 2010) ("[A] defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant . . . . Remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure [the] purported deficiency.") (internal quotations and citations omitted). However, while Plaintiff claims that she can amend her Complaint to add causes of action for intentional infliction of emotional distress and/or whistleblower violations (*see* Docket No. 17 at 12-13 of 19), it is unclear whether she could in fact do so given potential statute of limitations and other problems (*see* Docket No. 19 at 10-11 of 22). Thus, it is the Court's tentative ruling to allow Plaintiff to amend and thereafter determine whether those newly added causes of action are possibly viable.

Plaintiff also argues that this case should be remanded to state court because Defendants have failed to demonstrate that Regus is not a citizen of California. *See* MTR at X. The Court is not persuaded by this argument. Deras attached a declaration to the NOR from Regus' Vice President of "Human Resources Americas." Edmundson Decl. ¶ 2. She declared that Regus is a Delaware limited liability company. *See id.* ¶ 3. She also declared that Regus Corporation is the sole member of Regus Management Group, LLC, and that Regus Corporation is a Delaware Corporation with its principal place of business located in Addison, Texas. *See id.* ¶ 4. The Court is satisfied that Defendant Regus is not a citizen of California. Therefore, the Court would deny Plaintiff's MTR on the grounds that Defendant Regus is not a citizen of California.

### IV. Conclusion

For the above stated reasons, the Court would hear further argument and possibly allow Plaintiff to file an amended complaint before ruling on the Motion to Remand.