ADAM REISNER, ESQ. (SBN 204351)
adam@reisnerlaw.com
TESSA KING, ESQ. (SBN 251408)
tessa@reisnerlaw.com
GREG TAYLOR, ESQ. (SBN 315128)
greg@reisnerlaw.com
NAHAL BARAHMAND, ESQ. (SBN 316526)
nahal@reisnerlaw.com
REISNER & KING LLP
14724 Ventura Blvd, Suite 1210
Sherman Oaks, California 91403
Phone:  (818) 981-0901
Fax:     (818) 981-0902

Attorneys for Plaintiff **VIVIRIANA GUATEMALA**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIVIRIANA GUATEMALA,<br><br>Plaintiff,<br><br>v.<br><br>REGUS MANAGEMENT GROUP, LLC; ERIKA DERIAS and DOES 1 THROUGH 100, Inclusive,<br><br>Defendants. | Case No.:  2:19-CV-4243 GW (ASx)<br>Hon. Judge George H. Wu, Dept. 9D<br><br>[Los Angeles Superior Court Case No. 19STCV07112]<br><br>**DECLARATION OF GREG TAYLOR, ESQ. IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**<br><br>[Filed concurrently with Plaintiff's Motion to Remand]<br><br>Date:        October 24, 2019<br>Time:        8:30 a.m.<br>Dept.:       9D<br>Judge:       Hon. George H. Wu |

1

**DECLARATION OF GREG TAYLOR, ESQ. IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**

I, Greg Taylor, hereby declare:

1.     I am an associate attorney at the law offices of Reisner and King LLP, counsel of record for Plaintiff, Viviriana Guatemala, in the above-entitled action. I am admitted to practice before this Court. I have personal knowledge of all matters set forth herein. If called as a witness to testify to these matters, I could and would testify competently to these matters.

2.     Plaintiff filed her remand motion within thirty days of the removal date, as Defendant Erika Deras filed her Notice of Removal on May 16, 2019 and Plaintiff filed her motion on June 14, 2019. Plaintiff filed the instant motion in accordance with the Court's ruling on August 5, 2019.

3.     I sent a meet and confer letter to Defense Counsel, Mr. Joseph Connaughton, on June 7, 2019, which listed out the deficiencies in Defendant's removal. Attached hereto as **Exhibit A** is a true and correct copy of this meet and confer letter.

4.     After receiving no response to this letter, I emailed Defense counsel on June 12, 2019, again requesting to meet and confer on the matter. In subsequent phone calls, I further explained Plaintiff's position. However, in response, Defense counsel indicated they were unwilling to stipulate to remand the case. Attached hereto as **Exhibit B** is a true and correct copy of this email exchange.

5.     Attached hereto as **Exhibit C** is a true and correct copy of the August 5, 2019 tentative ruling in this matter, which became the final ruling.

6.     To date, Defendants have not agreed to remand the matter, requiring Plaintiff to have to file this motion.

//

//

//

2

**DECLARATION OF GREG TAYLOR, ESQ. IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**

I declare under penalty of perjury under the laws of the State of California and under the laws of the United States of America that the foregoing is true and correct.

Executed: September 26, 2019                    By: _____

Greg Taylor, Esq.
Attorney for Plaintiff,
Viviriana Guatemala

3

**DECLARATION OF GREG TAYLOR, ESQ. IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**

**Exhibit A**

LAW OFFICES OF

# REISNER & KING LLP

ADAM REISNER
TESSA KING

JARED IRMAS
SHANI HUANG
VIRGINIA KSADZHIKYAN
GREGORY TAYLOR
NAHAL BARAHMAND
ANDREA FIELDS
MICHAEL JONES

14724 VENTURA BLVD., SUITE 1210
SHERMAN OAKS, CALIFORNIA 91403
WWW.REISNERKING.COM

TEL (818) 981-0901
FAX (818) 981-0902

May 24, 2019

*Sent via US. Mail and Email: jconnaughton@paulplevin.com*

Joseph Connaughton, Esq.
**PAUL, PLEVIN, SULLIVAN &**
**CONNAUGHTON LLP**
101 West Broadway, Ninth Floor
San Diego, California 92101-8285

> **Re:** *Guatemala v. Regus Management Group, LLC, et. al.; Meet and Confer*
> *for Remand to State Court*

Dear Mr. Connaughton:

We are in receipt of your notice of removal to federal court. Please allow this letter to initiate our good faith attempts to meet and confer regarding the deficiencies in your removal papers and to request that you stipulate to remand immediately.

Please be advised that the removal was improper based upon the following:

1. Defendant Erika Deras, A California Citizen, Is Not A Sham Defendant Or Fraudulent Joinder, and Defendants Have Not Demonstrated This By Clear And Convincing Evidence, and Therefore No Diversity Exists.

Here, Defendant Deras improperly attempts to remove on diversity grounds by claiming that she is a "sham" defendant and "fraudulent joinder" i.e., that Plaintiff has failed to state a viable cause of action against her, despite the fact that she is a California resident defendant; and the failure is *obvious* according to settled California rules. See Morris v. Princess Cruises. Inc., (9th Cir. 2001) 236 F.3d 1061, 1067.

As you know, to defeat diversity citizenship, "[t]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant." Travis v. Irby (5th Cir. 2003) 326 F.3d 644, 648; see also Good v. Prudential Ins. Co. of Am. (N.D. Cal. 1998). Thus the burden of proving fraudulent joinder is a heavy one. See Green v. Amerada Hess Corp., (5th Cir. 1983) 707 F.2d. 201,205. Here, Defendants are unable to meet this heavy burden.

Mr. Connaughton
May 24, 2019
Page 2 of 3

There is a general presumption against fraudulent joinder, and thus fraudulent joinder must be shown by clear and convincing evidence. See Hamilton Materials. Inc. v. Dow Chemical, (9th Cir. 2007) 494 F.3d 1203, 1206. Further, the court must resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party. See Plute v. Roadway Package System, Inc., (N.D. Cal. 2001)141 F. Supp. 2d 1005, 1008.

Accordingly, your removal papers fail to demonstrate (by clear and convincing evidence) that Defendant Deras is a sham defendant. Indeed, Deras is a California citizen, who is alleged to have created a hostile work environment in violation of the Fair Employment and Housing Act by personally harassing Ms. Guatemala, which caused Ms. Guatemala to suffer emotional distress.

Ms. Guatemala has pled sufficient facts to support a claim for harassment "On a severe and/or pervasive basis beginning in or around 2016, and continuing ***at least*** through March 9, 2017, Defendants and DOES 1 through 100, and each of them, harassed Plaintiff due to Plaintiff's actual and/or perceived physical disability(s), need for accommodations, and/or need for legally protected medical leave..." (See FAC ¶ 18.) Defendant Deras' harassing comments and conduct is including, but not limited to, telling Ms. Guatemala, "you really should not tell HR that you have anxiety and panic attacks because they are going to think that you are not fit to be a manager." Id. at ¶ 18(a). Among other examples, Defendant Deras also directed harassing and demeaning comments towards Ms. Guatemala as she was being terminated due to her disability-related absences. Id. at ¶ 18(f)-(j).

Ms. Guatemala's claims are viable and cannot be dismissed with mere conclusory and unsupported arguments. Rather, her claims are well-recognized California causes of action which have been pleaded with the requisite supporting facts in the complaint.

2. The Notice Of Removal Does Not Meet The Amount In Controversy Requirement As Defendants Failed To Include Any Evidence That The Sum or Value Exceeds $75,000.00.

Under 28 U.S.C. § 1332(a), removal to federal court on the basis of diversity jurisdiction is proper only where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Here, Defendant's Notice of Removal included no evidence whatsoever that the amount in controversy exceeds $75,000.00. Instead, the Notice merely states that Plaintiff seeks multiple separate categories of money damages and attorneys' fees in unspecified amounts. (See Def. Notice of Removal ¶¶ 23, 28).

The fact that Plaintiff was earning $18.00 per hour at the time of her termination does not establish a sum or value exceeding $75,000.00. (See Def. Notice of Removal ¶ 25). Defendant's Notice of Removal includes no facts that actually establish a sum or value exceeding $75,000.00. Thus, this requirement for diversity jurisdiction is not satisfied and Defendants' case cannot remain in federal court on this basis.

Mr. Connaughton
May 24, 2019
Page 3 of 3

3.   <u>The Notice Of Removal Fails To Adequately Address Defendant Regus's Principal Place
Of Business.</u>

Plaintiff is informed and believes that a substantial predominance of Defendant Regus Management Group, LLC's corporate operations occurs in California. See <u>Indus. Tectonics, Inc. v. Aero Alloy,</u> (9th Cir. 1990) 912 F.2d 1090, 1094. Indeed, according to Regus's corporate website, the company has over 170 locations in California, compared to less than 130 locations in Texas and only 2 locations in Delaware. Moreover, according to the Better Business Bureau ("BBB"), Regus Management Group, LLC is located in Irvine, California. Furthermore, the business's phone numbers listed on BBB contain Southern California area codes, "949" and "714". Clearly, Regus's principal place of business is California, not Texas or Delaware.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand. See <u>Russell Corp. v. Am. Home Assur. Co.</u>, (11th Cir. 2001) 264 F.3d 1040, 1050 citing <u>Burns v. Windsor Ins. Co.</u>, (11th Cir.1994) 31 F.3d 1092, 1095; <u>Chicago R.I. & Pac. Ry. Co.</u>, supra, 178 U.S. at 248.

These procedural deficiencies make the removal improper, and mandate the immediate remand back to state court.

For the above listed reasons, please agree to stipulate to remand by noon on Tuesday, May 28, 2019. If I do not hear from you by then, I will be forced to bring a motion to remand and I will request attorneys' fees and sanctions. Please feel free to contact me to discuss further.

Very truly yours,
REISNER & KING LLP

GREG TAYLOR, ESQ.

**Exhibit B**

## Greg Taylor

| | |
|---|---|
| **From:** | Joe Connaughton |
| **Sent:** | Wednesday, June 12, 2019 10:53 AM |
| **To:** | Greg Taylor |
| **Cc:** | Nahal Barahmand; Elizabeth Silverman; Lorina Jasso; Nicholas P. Banegas |
| **Subject:** | RE: Guatemala v. Regus- M&C re Remand |

Greg:

We're always happy to discuss, but it seemed to me that the arguments in favor of remand weren't particularly persuasive.

I'm all in favor of anything that would make the case simpler, or easier to manage, or that would dispose of any defendants, so would be happy to discuss that further if you would think it helpful.   But if the question is whether we are willing to voluntarily return to state court based on the arguments presented below, we would respectfully decline.  If you'd like to forward us your brief before it's filed, I'll be happy to revisit our thinking because I may not be appreciating the arguments as fully as I should like to.

**Joe Connaughton**
619-744-3645 | jconnaughton@paulplevin.com

**Confidentiality Notice:** This e-mail is confidential and intended only for the recipients listed above. If you have received this e-mail in error, please inform the sender of the error and delete it immediately.

**From:** Greg Taylor [mailto:greg@reisnerlaw.com]
**Sent:** Wednesday, June 12, 2019 9:08 AM
**To:** Joe Connaughton <jconnaughton@paulplevin.com>
**Cc:** Nahal Barahmand <nahal@reisnerlaw.com>; Elizabeth Silverman <elizabeth@reisnerlaw.com>; Lorina Jasso <lorina@reisnerlaw.com>; Greg Taylor <greg@reisnerlaw.com>
**Subject:** RE: Guatemala v. Regus- M&C re Remand

Counsel,

I have not received a response to the meet and confer letter sent to your office on May 24th. Please let me know if you are interested in discussing this issue further prior to Plaintiff filing a motion to remand the case.

Thank you,

Greg Taylor | Attorney
REISNER & KING LLP
14724 Ventura Blvd. Suite 1210 | Sherman Oaks, California  91403
*greg@reisnerlaw.com* | *www.reisnerking.com*
Phone: (818) 981-0901  |  Fax: (818) 981-0902

***PRIVILEGED & CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATIONS AND WORK PRODUCT -*** *This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, or have been inadvertently and erroneously referenced in the address line, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately and delete all copies of the message.*

**From:** Lorina Jasso <lorina@reisnerlaw.com>
**Sent:** Friday, May 24, 2019 3:39 PM
**To:** jconnaughton@paulplevin.com
**Cc:** Greg Taylor <greg@reisnerlaw.com>; Nahal Barahmand <nahal@reisnerlaw.com>; Elizabeth Silverman <elizabeth@reisnerlaw.com>
**Subject:** Guatemala v. Regus- M&C re Remand

Counsel,

Please view attached correspondence sent on behalf of Greg Taylor.

Respectfully,

Lorina Jasso **|** Paralegal
REISNER & KING LLP
14724 Ventura Blvd., Suite 1210 **|** Sherman Oaks, CA 91403
*lorina@reisnerlaw.com* **|** *www.reisnerking.com*
Phone: (818) 981-0901  **|**  Fax: (818) 981-0902

This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, or have been inadvertently and erroneously referenced in the address line, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

2

This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, or have been inadvertently and erroneously referenced in the address line, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

**Exhibit C**

_**Guatemala v. Regus Management Grp., LLC et al.**_; Case No. 2:19-cv-4243

## I. Introduction

On February 28, 2019, Plaintiff Viviriana Guatemala filed the present lawsuit in state court against Regus Management Group, LLC ("Regus"), Erika Deras[1] ("Deras"), and Does 1-100 (collectively "Defendants") alleging: (1) actual/perceived disability harassment in violation of Cal. Gov. Code § 12940, _et seq._; (2) actual/perceived disability discrimination in violation Cal. Gov. Code § 12940, _et seq._; (3) actual/perceived disability retaliation in violation of Cal. Gov. Code § 12940 _et seq._; (4) failure to engage in the mandatory good-faith interactive process in violation of Cal. Gov. Code § 12940, _et seq._; (5) failure to accommodate in violation of Cal. Gov. Code § 12940, _et seq._; (6) violation of the California Family Rights Act, Cal. Gov. Code § 12945.2 _et seq._; (7) whistleblower violation, Cal. Labor Code § 1102.5; and (8) wrongful termination and retaliation in violation of public policy. _See_ First Amended Complaint ("FAC"), attached as Exhibit B to Notice of Removal, Docket No. 1-3.

Deras filed a notice of removal on May 16, 2019. _See_ NOR, Docket No. 1. Regus filed a notice of consent to removal. _See_ Consent by Defendant Regus Management Group, LLC to Removal of Action by Defendant Erika Deras, Docket No. 5. Deras removed the case to federal court pursuant to 28 U.S.C. § 1441. Regus Management is the sole member of Regus Corporation, a Delaware Corporation with its principal place of business located in Addison, Texas. _See_ Declaration of Sharon Edmondson in Support of Defendant Erika Deras' Notice of Removal ("Edmondson Decl."), Docket No. 1-1, ¶4. Plaintiff claims to be an individual residing in Los Angeles, and therefore, Deras is informed and believes that Plaintiff is a citizen of California. _See_ NOR ¶ 2. Deras is an individual residing in California. _See id._ ¶ 4. Plaintiff has now filed a motion to remand because Deras's presence in this case as a defendant destroys complete diversity. However, Deras argues that her citizenship should not be considered by the Court for purposes of determining diversity jurisdiction because she is a "sham defendant." _Id._

## II. Applicable Law

Federal courts possess limited jurisdiction, having subject matter jurisdiction only over

---

[1] Defendant Erika Deras was incorrectly referred to as Erika Derias in the Complaint. _See_ Defendant Erika Deras' Notice of Removal ("NOR"), Docket No. 1, at 1.

1

matters authorized by the Constitution and Congressional statute. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Federal courts operate under the presumption that they do not have jurisdiction over state causes of action, and the party claiming federal jurisdiction must prove otherwise. *See id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. 8, 11 (1799); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)). Additionally, "[t]he defendant bears the burden of establishing that removal is proper" and removal statutes are "strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("[J]urisdiction must be rejected if there is any doubt as to the right of removal.").

Subject-matter jurisdiction exists over claims that: (1) are between citizens of different states, and (2) have an amount in controversy greater than $75,000. *See* 28 U.S.C. § 1332(a). Although diversity jurisdiction requires complete diversity of citizenship, there is an exception to the complete diversity requirement "where a non-diverse defendant has been fraudulently joined." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). "Joinder is fraudulent 'if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Id.* (quoting *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)). Conversely, "if there is *any* possibility that the state law *might* impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Id.* at 1044 (emphasis added). Additionally, "[t]he burden of proving a fraudulent joinder is a heavy one. The removing party must prove that there is *absolutely* no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court . . . . [citations omitted, emphasis added]" *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983). *See also Esperanza v. Shanklin Corp.*, No. 5:17–cv–2456–CAS–KK, 2017 WL 6520465, at *2 (C.D. Cal. Dec. 19, 2017); *GranCare, LLC v. Thrower,* 889 F.3d 543, 548 (9th Cir. 2018) ("A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.' [citation omitted]".). "[T]he relevant inquiry is only whether plaintiff could state a claim against [the in-state defendant] on any legal theory." *Lytle v. Ford Motor Co.*, No. 2:18-cv-1628-WBC (EFBx), 2018 WL 4793800, at *5 (E.D. Cal. Oct. 2, 2018).

2

## III. Discussion

Deras does not dispute that both Deras and Plaintiff are citizens of California. *See generally* NOR. Instead, Deras argues that Deras has been fraudulently joined and therefore her citizenship should be ignored for purposes of determining diversity. *See* NOR ¶¶13-15. In order for this Court to find that Deras is a sham defendant, Defendants would have to establish that Plaintiff does not have any viable cause of action against Deras.

Plaintiff's only claim against Deras is for harassment under the California Fair Employment and Housing Act ("FEHA"). *See generally* FAC. Before bringing a lawsuit for violation of the FEHA, a plaintiff must file a timely and sufficient verified administrative complaint with the California Department of Fair Employment and Housing ("DFEH") and receive a "right-to-sue" notice. *See* Cal. Gov. Code §12960(b). The California courts have held that, in the FEHA context, administrative exhaustion is "a jurisdictional prerequisite to resort to the court." *See e.g. Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 70 (2000). Thus, a failure to properly exhaust before commencing suit is ground for dismissal of the FEHA action. *See Okoli v. Lockheed Technical Operations Co.*, 36 Cal. App. 4th 1607, 1613 and 1617 (1995); *Martin v. Lockheed Missiles & Space Co.*, 29 Cal. App. 4th 1718, 1724 (1994) ("We have recognized, in the context of the Fair Employment and Housing Act, that '[t]he failure to exhaust an administrative remedy is a jurisdictional, not a procedural, defect,' and thus that failure to exhaust administrative remedies is a ground for a defense summary judgment. [Citation omitted.]").

In order to properly administratively exhaust a FEHA claim, plaintiff must file his administrative complaint no more than one year after the date of the alleged unlawful practice. Cal. Gov't Code § 12960. *See also Trovato v. Beckman Coulter, Inc.*, 192 Cal. App. 4th 319, 323 (2011). Because Plaintiff filed her complaint with the DFEH in February of 2019 claims arising out of conduct prior to February 2018 are time-barred.

Here, Plaintiff's only claim against Deras is for harassment that allegedly occurred during her employment with Regus. *See* FAC ¶¶ 1-34. Plaintiff was terminated on March 9, 2017. *See* FAC ¶ 12. Plaintiff alleges that she suffered continuing adverse employment actions because Regus refused to rehire her, however, the only claim alleged against Deras relates to harassment that allegedly occurred during Plaintiff's employment. *See generally* Complaint. As such, Plaintiff's claim against Deras is time barred. Therefore, no cause of action has been stated

3

against Deras and the Court would find that Deras is a sham defendant as to that cause of action. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1319-20 (9th Cir. 1998) (finding that where the statute of limitations barred certain causes of action, no cause of action was stated against certain defendants, and therefore the defendants were sham defendants for purposes of removal).

Plaintiff argues that she should be permitted to amend her complaint to allege *other* causes of action against Deras. *See* MTR 6-7. The Court would not find a defendant fraudulently joined when amendment of the complaint could cure the deficiency. *See Nasrawi v. Buck Consultants, LLC*, 713 F.Supp.2d 1080, 1084-85 (E.D.Cal. 2010) ("[A] defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant . . . . Remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure [the] purported deficiency.") (internal quotations and citations omitted). However, while Plaintiff claims that she can amend her Complaint to add causes of action for intentional infliction of emotional distress and/or whistleblower violations (*see* Docket No. 17 at 12-13 of 19), it is unclear whether she could in fact do so given potential statute of limitations and other problems (*see* Docket No. 19 at 10-11 of 22). Thus, it is the Court's tentative ruling to allow Plaintiff to amend and thereafter determine whether those newly added causes of action are possibly viable.

Plaintiff also argues that this case should be remanded to state court because Defendants have failed to demonstrate that Regus is not a citizen of California. *See* MTR at X. The Court is not persuaded by this argument. Deras attached a declaration to the NOR from Regus' Vice President of "Human Resources Americas." Edmundson Decl. ¶ 2. She declared that Regus is a Delaware limited liability company. *See id.* ¶ 3. She also declared that Regus Corporation is the sole member of Regus Management Group, LLC, and that Regus Corporation is a Delaware Corporation with its principal place of business located in Addison, Texas. *See id.* ¶ 4. The Court is satisfied that Defendant Regus is not a citizen of California. Therefore, the Court would deny Plaintiff's MTR on the grounds that Defendant Regus is not a citizen of California.

## IV. Conclusion

For the above stated reasons, the Court would hear further argument and possibly allow Plaintiff to file an amended complaint before ruling on the Motion to Remand.

4

## PROOF OF SERVICE

I am a resident of the State of California; I am over the age of 18 years and not a party to the within action; my business address is 14724 Ventura Blvd, Suite 1210, Sherman Oaks, CA 91403.

On **September 26, 2019**, I served true copies of the following document(s) described **DECLARATION OF GREG TAYLOR, ESQ. IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND** on the following interested parties in this action:

E. Joseph Connaughton, Esq.
Nicholas P. Banegas, Esq.
Paul, Plevin, Sullivan & Connaughton LLP
101 West Broadway, Ninth Floor
San Diego, California 92101
*Attorneys for Defendants*

**X  BY ELECTRONIC FILING:** I hereby certify that on September 26, 2019, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic system to all parties indicated on the electronic filing receipt.

**X    BY MAIL**: I enclosed the document in a sealed envelope/package addressed to the addressees designated and placed it for mailing, following our ordinary business practices. I am readily familiar with the mailing practice of my place of employment in respect to the collection and processing of correspondence and pleadings for mailing. It is deposited with the United States Postal Service on that same day in the ordinary course of business with postage fully prepaid.

**X    (FEDERAL)  I declare under the penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.**

Executed on **September 26, 2019**, at Sherman Oaks, California.

/s/ Lorina Jasso

Lorina Jasso