# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 19-4243-GW-ASx | Date | November 8, 2019 |
| Title | *Viviriana Guatemala v. Regus Management Group, LLC, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None Present | None Present | |

**PROCEEDINGS:** IN CHAMBERS - FINAL RULING ON PLAINTIFF'S MOTION TO REMAND [29]

Attached hereto is the Court's Final Ruling. The Court GRANTS the Motion and remands this case to the Superior Court of the State of California, County of Los Angeles, for further proceedings.

:

Initials of Preparer   JG

<u>Guatemala v. Regus Management Grp., LLC et al.</u>; Case No. 2:19-cv-4243-GW-(ASx)
Final Ruling on Motion to Remand

## I. Introduction

On February 28, 2019, Plaintiff Viviriana Guatemala filed the present lawsuit in state court against Regus Management Group, LLC ("Regus"), Erika Deras[1] ("Deras"), and Does 1-100 (collectively "Defendants") alleging: (1) actual/perceived disability harassment in violation of Cal. Gov. Code § 12940, *et seq.*; (2) actual/perceived disability discrimination in violation Cal. Gov. Code § 12940, *et seq.*; (3) actual/perceived disability retaliation in violation of Cal. Gov. Code § 12940 *et seq.*; (4) failure to engage in the mandatory good-faith interactive process in violation of Cal. Gov. Code § 12940, *et seq.*; (5) failure to accommodate in violation of Cal. Gov. Code § 12940, *et seq.*; (6) violation of the California Family Rights Act, Cal. Gov. Code § 12945.2 *et seq.*; (7) whistleblower violation, Cal. Labor Code § 1102.5; and (8) wrongful termination and retaliation in violation of public policy. *See* First Amended Complaint ("FAC"), attached as Exhibit B to Notice of Removal, Docket No. 1-3.

Deras filed a notice of removal on May 16, 2019. *See* NOR, Docket No. 1. Regus filed a notice of consent to removal. *See* Consent by Defendant Regus Management Group, LLC to Removal of Action by Defendant Erika Deras, Docket No. 5. Deras removed the case to federal court pursuant to 28 U.S.C. § 1441. The sole member of Regus Management is Regus Corporation, a Delaware Corporation with its principal place of business located in Addison, Texas. *See* Declaration of Sharon Edmondson in Support of Defendant Erika Deras' Notice of Removal ("Edmondson Decl."), Docket No. 1-1, ¶4. Plaintiff claims to be an individual residing in Los Angeles, and therefore, Deras is informed and believes that Plaintiff is a citizen of California. *See* NOR ¶ 2. Deras is an individual residing in California. *See id.* ¶ 4.

Plaintiff previously filed a motion to remand because Deras' presence in this case as a defendant destroys complete diversity. *See* Plaintiff's Motion to Remand and Request for Attorney Fees and Sanctions in the Amount of $2,313.56 ("MTR I"), Docket No. 17. Deras argued that her citizenship should not be considered by the Court for purposes of determining diversity jurisdiction because she is a "sham defendant." *See generally* NOR. The Court found that the claims against

---

[1] Defendant Erika Deras was incorrectly referred to as Erika Derias in the Complaint. *See* Defendant Erika Deras' Notice of Removal ("NOR"), Docket No. 1, at 1.

Deras in the FAC were time barred, but allowed Plaintiff leave to file an amended complaint based on her assertion that she could assert alternative causes of action against Deras that would not be time barred. *See* Minutes of Plaintiff's Motion to Remand and Request for Attorney Fees and Sanctions in the Amount of $2,313.56, Docket No. 22. Plaintiff filed a second amended complaint which includes a claim against Deras for intentional infliction of emotional distress ("IIED"). *See* Second Amended Complaint, Docket No. 23 at 52 et seq.

Before the Court is Plaintiff's second motion to remand. *See* Plaintiff's Notice of Motion and Motion to Remand ("MTR II"), Docket No. 29. Defendants filed an opposition. *See* Defendants' Opposition to Plaintiff's Motion to Remand and Request for Attorney Fees and Sanctions ("Opp.") Docket No. 33. Plaintiff filed a reply. *See* Reply in Support of Plaintiff's Motion to Remand ("Reply"), Docket No. 35.

## II. Applicable Law

Federal courts possess limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congressional statute. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Federal courts operate under the presumption that they do not have jurisdiction over state causes of action, and the party claiming federal jurisdiction must prove otherwise. *See id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. 8, 11 (1799); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)). Additionally, "[t]he defendant bears the burden of establishing that removal is proper" and removal statutes are "strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *see also Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) ("[J]urisdiction must be rejected if there is any doubt as to the right of removal.").

Subject-matter jurisdiction exists over claims that: (1) are between citizens of different states, and (2) have an amount in controversy greater than $75,000. *See* 28 U.S.C. § 1332(a). Although diversity jurisdiction requires complete diversity of citizenship, there is an exception to the complete diversity requirement "where a non-diverse defendant has been fraudulently joined." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). "Joinder is fraudulent 'if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Id.* (quoting *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)). Conversely, "if there is *any* possibility that the state law *might* impose liability on a resident defendant under the circumstances alleged in the

complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Id*. at 1044 (emphasis added). Additionally, "[t]he burden of proving a fraudulent joinder is a heavy one. The removing party must prove that there is *absolutely* no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court . . . . [citations omitted, emphasis added]" *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983). *See also Esperanza v. Shanklin Corp.*, No. 5:17–cv–2456–CAS–KK, 2017 WL 6520465, at *2 (C.D. Cal. Dec. 19, 2017); *GranCare, LLC v. Thrower,* 889 F.3d 543, 548 (9th Cir. 2018) ("A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.' [citation omitted]".). "[T]he relevant inquiry is only whether plaintiff could state a claim against [the in-state defendant] on any legal theory." *Lytle v. Ford Motor Co.*, No. 2:18-cv-1628-WBC (EFBx), 2018 WL 4793800, at *5 (E.D. Cal. Oct. 2, 2018).

## III. Discussion

Defendants do not dispute that both Deras and Plaintiff are citizens of California. *See generally* NOR. Instead, Defendants argue that Deras has been fraudulently joined and therefore her citizenship should be ignored for purposes of determining diversity. *See* NOR ¶¶13-15. In order for this Court to find that Deras is a sham defendant, Defendants would have to establish that Plaintiff does not have any viable cause of action against Deras.

The only claim against Deras in the SAC is for IIED. *See generally* SAC. Initially, it is noted that exhaustion of administrative remedies is not required before suing for common law tort causes of action, including claims related to the same or similar conduct as a FEHA violation (such as harassment). *See Rojo v. Kliger*, 52 Cal. 3d 65, 88 (1990) ("although an employee must exhaust the FEHA administrative remedy before bringing suit on a cause of action under the act or seeking the relief provided therein, exhaustion is not required before filing a civil action for damages alleging nonstatutory causes of action."). Thus, the one-year time bar for administrative exhaustion which prevented Plaintiff from bringing a claim against Deras under FEHA is inapplicable to the IIED claim.

California permits recovery for intentional infliction of emotional distress where Plaintiff can prove: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation." *Christensen v.*

3

*Superior Court*, 54 Cal. 3d 868, 903 (1991). To plead the element of "outrageous" conduct, Plaintiff must allege that Deras' conduct was "so extreme and outrageous as to go beyond all possible bounds of decency, and be regarded as atrocious and utterly intolerable in a civilized community." *Rulon-Miller v. International Business Machines Corp.*, 162 Cal. App. 3d 241, 254 (1984).

The tort of intentional infliction of emotion distress has an even more limited application in the context of the workplace environment because many types of conduct which can cause emotional distress are deemed to be a "normal" part of the employment relationship and/or excluded by the exclusive remedy provision of California's workers' compensation law, Cal. Labor Code §3602. Thus, for example, an employee's being fired on pretext, without cause and in a "callous and insensitive manner" was not deemed sufficient to constitute an IIED tort. *See Buscemi v. McDonnell Douglas Corp.*, 736 F.2d 1348, 1351-52 (9th Cir. 1984). Discipline and criticism at the workplace will normally not arise to the level of outrageous conduct even if spiteful and malicious and, even if it were outrageous, it would be preempted under the workers' compensation exclusivity rule. *See e.g. Shoemaker v. Myers*, 52 Cal. 3d 1, 25 (1990).

However, as relates to this case, workplace conduct (which would typically not be deemed outrageous) can become so if the conduct was purposefully executed either with the specific intent to physically or mentally injure and/or in violation of public policy. For example, harassment based on sex or racial discrimination in an employment setting can possibly be found to reach the level of outrageous conduct for purposes of an IIED claim. *See Steiner v. Showboat Operating Co.*, 25 F.3d 1459, 1466-67 (9th Cir. (1994) (sexual harassment in the workplace giving rise to IIED); *see also Nazir v. United Airlines, Inc.*, 178 Cal. App. 4th 243, 288 (2009) ("A claim for distress arising out of employment is 'not barred where the distress is engendered by an employer's illegal discrimination practices.' . . . Neither discrimination nor harassment is a normal incident of employment. [citations omitted.]")[2]; *Alcorn v. Anbro Engineering, Inc.*, 2 Cal. 3d 493, 497-98 (1970) (a defendant's "standing in a position of authority over plaintiff" and his "being aware of [plaintiff's] particular susceptibility to emotional distress" can meet the IIED standards when defendant intentionally acted "for the purpose of causing plaintiff to suffer emotional and physical

---

[2] *But see McCoy v. Pacific Maritime Assn.*, 216 Cal. App. 4th 283, 295 (2013) ("An employer's continued isolation and ostracism of a female employee in retaliation for bringing a successful federal discrimination lawsuit might constitute unlawful retaliation, but did not go "beyond all bounds of decency" or constitute "extreme and outrageous" conduct as required for intentional infliction of emotional distress.).

4

harm."); *Onelum v. Best Buy Stores L.P.*, 948 F. Supp. 2d 1048, 1053 (C.D. Cal. 2013).

Plaintiff alleges, among other things, that Deras: (1) while knowing that Plaintiff was limited to a medical "no-lifting" restriction of no more than five pounds, directed Plaintiff to hold items in excess of 20 pounds; (2) "repeatedly leer[ed] at Plaintiff in an aggressive manner due to her disabilities and request for accommodations;" (3) "would consistently yell and scream at Plaintiff because of her disability and request for accommodations;" (4) falsified one of Plaintiff's performance evaluations and forging Plaintiff's signature on that document; (5) embezzled company funds using Plaintiff's credit card with the intent of terminating Plaintiff's employment. *See* SAC ¶ 172. These allegations are sufficient to allow the Court to conclude that there is at least a *possibility* that Plaintiff could bring a successful IIED claim against Deras. "[T]he test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent." *Grancare*, 889 F.3d at 549. "Because the purpose of the fraudulent joinder doctrine is to allow a determination whether the district court has subject matter jurisdiction, the standard is similar to the 'wholly insubstantial and frivolous' standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction." *Id.* The question is whether there is absolutely no possibility that the Plaintiff will be able to establish a cause of action against Deras. As discussed above, the prospects of stating a claim against a person in the employment context is a very fact specific consideration. Because there is a possibility that state law might impose liability on the resident defendant (*i.e.* Deras) under the circumstances alleged in the SAC, this Court cannot find that her joinder as a defendant was fraudulent, and remand is necessary.

Defendants also argue that Plaintiff's IIED claim is barred by the statute of limitations. *See* Opp. at 6. "Under California law, there is a two-year statute of limitations for intentional infliction of emotional distress claims." *Soliman v. CVS RX Servs. Inc.*, 570 Fed. Appx. 710, 711 (9th Cir. 2014); *see also Wassmann v. South Orange County Community College Dist.*, 24 Cal. App. 5th 825, 852 (2018). "The statute of limitations begins to run when the plaintiff suffers sever emotional distress as a result of the outrageous conduct by the defendant." *See id.* Plaintiff alleges that she experienced emotional distress as a result of Deras' treatment of her between February 20 and March 9, 2017. *See* SAC ¶ 172. Plaintiff filed her complaint in state court on February 28, 2019. *See* Complaint, attached as Exhibit A to NOR, Docket No. 1-2. Therefore, at least some of the conduct complained of occurred less than two years prior to the filing of the original complaint, and thus any emotional distress resulting from that conduct must have occurred within the statute

of limitations period.  Consequently, Plaintiff's IIED claims does not fail on that basis.

In light of the strong presumption against removal jurisdiction, *see Gaus*, 980 F.2d at 566 ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal citations omitted), Defendants have not met their burden to establish that joinder of Deras was fraudulent.

## IV.  Conclusion

For the above stated reasons, the Court **GRANTS** the MTR II and remands this case to the Superior Court of the State of California, County of Los Angeles, for further proceedings.